# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT CONKLIN,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
AT-1221-15-0100-W-1

DATE: October 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael T. McCulley, Esquire, Atlanta, Georgia, for the appellant.

Anne M. Norfolk, Esquire, Fort Benning, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an IRA appeal in which he contended that he was not selected for a position in June 2012, because the agency committed prohibited personnel practices under 5 U.S.C. § 2302(b)(4), (b)(6), and (b)(9). Initial Appeal File (IAF), Tab 1 at 6. The administrative judge issued an appropriate order directing the appellant to submit evidence and argument on the issue of jurisdiction, IAF, Tab 3, and, after considering the parties' responses, he dismissed the appeal for lack of jurisdiction without a hearing upon finding that the appellant failed to exhaust his remedies with the Office of Special Counsel (OSC), IAF, Tab 7, Initial Decision (ID).

¶3 The alleged personnel action at issue in this appeal occurred in June 2012. Effective December 27, 2012, Congress amended the Whistleblower Protection Act to grant the Board jurisdiction over certain allegations of retaliation under 5 U.S.C. § 2302(b)(9). Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, §§ 101(b)(1)(A), 202. The Board has held that the portion of the WPEA extending the Board's jurisdiction to allegations of violations of 5 U.S.C. § 2302(b)(9) is not retroactive. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 13-15 (2014), *aff'd*, No. 2015-3054, 2015 WL 4681015 (Fed. Cir. Aug. 6, 2015). Therefore, the

administrative judge correctly found that the appellant's (b)(9) claim is not within the Board's jurisdiction.  ID at 5-6; *see Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 516, ¶ 5 (2009) (explaining that the Board lacks direct jurisdiction over a nonselection for a position); *Davis v. Department of Defense,* 103 M.S.P.R. 516, ¶ 11 (2006) (applying pre-WPEA law and finding that the appellant's prohibited personnel practices claims, including his (b)(9) claim, did not provide a basis for Board jurisdiction absent an otherwise appealable action).

¶4      In an IRA appeal, the appellant must prove that the Board has jurisdiction over the appeal by proving, inter alia, that he exhausted his administrative remedies before OSC.  *Miller*, 122 M.S.P.R. 3, ¶ 6.  To satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his claim of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action.  *Id.*  The test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement he made in the complaint requesting protective action, not his post hoc characterization of those statements. *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993).

¶5      The appellant consistently contended before OSC, both in his initial complaint and in his attorney's subsequent letters to OSC, that the agency committed violations of 5 U.S.C. § 2302(b)(4), (b)(6) and (b)(9)(A).  IAF, Tab 4 at 19-30, 36-40.  Never did he allege that he made protected disclosures, much less that the agency retaliated against him because of his disclosures.  Even in his petition for review, the appellant does not allege that he made any protected disclosures.  He merely attempts, as he did below, to recharacterize the allegations he made to OSC.  We find, therefore, that the administrative judge correctly found that the appellant did not exhaust his administrative remedies before OSC and properly dismissed the appeal for lack of IRA jurisdiction.  ID at 4.

4

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.